here you hear any dishonorable appellate court for the Second District is now open. The Honorable Justice Catherine easy enough presiding along with Justices and be Jorgensen and Liam C. Brennan. The case is number 219 or 476 people of the state of Illinois plaintiff happily versus Patricia Lynn Kosobucki defendant appellant arguing for the appellant Anthony J. Santella arguing for the appellee Victoria E. Joseph. Good morning Council. Mr. Santella you may begin. Good morning your honors and may it please the court. My name is Anthony J. Santella and I represent Patricia Kosobucki on appeal. We raised two issues whether Ms. Kosobucki impliedly consented to a mistrial and whether the trial court abused its discretion in denying Ms. Kosobucki's motion to bar re-prosecution on double jeopardy grounds. I will briefly address the first issue before focusing on the second. First this court should refuse to construe consent so broadly such as to allow the state to claim that a prior motion for mistrial made by the defense operates as consent for a state's later motion when these motions are here on the first day of trial. Defense counsel wanted the testimony of officer Pedro Rodriguez who did not appear due to unexpected surgery. Accordingly council moved for a continuance and a mistrial. However defense counsel also agreed to continue the trial to verdict if the excuse me if officer Rodriguez did not appear and defense counsel favored favorably negotiate excuse me defense counsel negotiated a favorable stipulation of officer Rodriguez's expected testimony. To be clear the state's motion for a mistrial is unrelated to officer Rodriguez's expected testimony or the stipulation. The state's motion excuse me let me just ask um when the state made its motion for a mistrial and asked the judge um at that point shouldn't the defendant have said I object immediately? He did. Pardon? Well he your honor did not at that point. What defense counsel did was asked to be heard. If you review the record um the state asked to bench said well we have these documents that officer Vega brought in and that we want uh we want a mistrial. The court said okay and then defense counsel asked to be heard on that matter at which point trial court said no and then declared the mistrial and so I think at that point what um defense counsel was doing was going to address that matter specifically but was denied the opportunity to do so. Um well you know these written statements are not in the record. How can we determine whether the trial court abused its discretion in declaring this mistrial unless we know the contents of the statement? Well your honor that um goes to my second argument and I will address your question however um and that is that uh we don't have these statements and they are not in the record um nor did the trial court uh inquire to as to what was in them or conducted an in-camera inspection um so we don't know what is in these statements but again I think that that weighs in the defense's favor here because the trial court immediately granted the mistrial without asking to see what was in the statements. Um this was a hasty decision. This was not one that was considered. The trial judge admitted that she did not consider reasonable alternatives. She admitted that a reasonable alternative could have cured the uh could have cured this situation and allowed the trial to continue. This court can find that just because we don't have the statements there was no manifest necessity here because the decision was hasty and because we don't know what was in the statements and the trial court never inquired never asked to see them. I think that that's a very important point to this. Well didn't the trial court in her comments essentially say that she was protecting the defendant's right to a fair trial here um given what she had seen during the course of the proceedings and uh that's what she was doing when she declared the mistrial? Your honor the judge did say that however this court has said in uh the People v. Dahlberg case that a hasty decision tends to indicate an insufficient concern for a defendant's valued right to continue a trial with the tribunal she has selected um and that goes to the consent portion here which is that uh this court in its Lovinger decision warned against um applying the idea of consent so broadly from a previous mistrial motion so as to say oh well at a later point I'm just going to agree to what the defense always wanted. It's not the indication here that the defense wanted a mistrial anymore and I think a review of the record would show that the trial seemed to be moving in the defendant's favor. Um and so that would go to the fact that again these motions are wholly unrelated um as I said the state moved for the mistrial on the fact that we have these two statements and it can't be said that Ms. Kosobucki's separate motion which had been settled um allowed the state to agree to a mistrial for a wholly unrelated purpose there was nothing to agree to and accordingly this court should find Ms. Kosobucki did not consent to the trial court abused its discretion in denying Ms. Kosobucki's motion to bar re-prosecution on double jeopardy grounds. Um there is obviously a 12-factor list but I want to focus on two points that are apparent from the record um and that is that as I discussed previously the trial judge did not review these statements before declaring the mistrial and that the evidence does not suggest that the statements would have prejudiced Ms. Kosobucki. Um so why would she have had to review the statements before declaring the mistrial if indeed this was a blatant discovery violation uh having the state having failed to turn the statements over even though the morning of it looks like the second day of trial uh the state knew that they had them but failed to turn them over and then that was only disclosed during the sidebar after Vega's testimony. Your honor the reason why the court should have reviewed the statements is because a mistrial requires a manifest necessity which has been defined as a high degree of necessity. The court could not determine whether that necessity existed without um even so much as inquiring as to what was in these statements. That's the reason is that the court did not know what these statements contained and as defense counsel said when he objected um after the mistrial had been declared at his first available opportunity um he believed that they could have concluded the trial that day and defense counsel stated at the hearing on the motion of bar reprosecution that there was nothing to cure. He did not believe that that these statements would have had an impact on on this case. This can be compared to to this court's decision in Bagley um where this court did find a manifest necessity occurred. In the Bagley case evidence was misplaced but then found and brought in during trial and what defense counsel in Bagley said was uh excuse me quote this throws a total wrench in the works for for the defense a total wrench in the works and so this court said then that well a manifest necessity existed because any any review of the evidence would not have cured the prejudice because the entire defense was built around the fact they didn't have the evidence. We don't have that here. We have an exact opposite statement from defense counsel that he did not believe these statements would have had that impact. Um for the court to declare that she was protecting Ms. Kosobucki from prejudice then without having to view the documents um it did it did not sufficiently protect her um and it was not a manifest necessity. But now counsel actually knew that the uh victim had given a statement. He cross-examined him about that point uh pretty extensively did he not? So he knew that early on in the trial. Well that's true your honor and I think that goes back to the Bagley case and how it's distinguishable on that point which is that you know counsel and obviously defense counsel here represented Ms. Kosobucki and would have heard from her that there was a statement given. However if you compare it to Bagley where there was this extensive pre-trial litigation about the evidence that had been misplaced um there had been motions in limine and arguments and again they had built the entire trial around what to do with the evidence. Here you don't have any of that. The parties appeared to proceed to trial on the understanding that well apparently statements were given we don't have them. There was no request for a sanction. The discovery motions in the record are fairly standard and the parties wanted to continue to trial based on the evidence that they had. It was not defense counsel um you know he was aware he successfully impeached Mr. Montano without even having these statements. Mr. Montano admitted that he gave a statement but he omitted any mention of a hammer and defense counsel said that he believed Mr. Montano lacked credibility. So the fact that he that defense counsel did not have these statements I think what should be focused on is that it did not impact the course of the trial at all um to compare to another case People v. Pondexter which was the first district case uh in that in that case it was found that there was no manifest necessity to declare a mistrial where the defendant brought in evidence of an affidavit after the trial had started but the court there found it did not affect how the trial would have gone because the affidavit supported the defendant's self-defense claim and all the parties and the judge knew that there was a self-defense claim. So here you have something similar where this would not have affected the course of the trial that goes to one of the points I was raising which is that the record does not demonstrate there would have been any prejudice to Ms. Kosobucki and defense counsel did not seem to think so. He was happy with how the trial was going. Well how do we know this wouldn't have affected the course of the they're not in the record here how would we know that? Well that's true your honor but that's exactly the point is that the court declared the mistrial did not look at the statements um defense counsel wanted to conclude the trial at that point he asked to be heard and was denied um and there were a lot of indications the trial had been going in the defense's favor on that second day as I said the stipulation entered on Rodriguez was favorable they were able to include the fact that there was no mention of a hammer and include the crux of Ms. Kosobucki's self-defense claim which was that um she punched Mr. Montano because he would knock it out of his face which is language that mirrors the defense's opening statement and so as I said the the parties were going to trial and proceeded to trial knowing they did not have these statements and that did not bother them when they brought the statements or excuse me when the state brought the for the court to declare that there should be a mistrial based on new evidence is what the court said this isn't a situation um where the court referred back to defense's previous mistrial motion she said based on this new evidence of the statements I'm going to declare a mistrial without reviewing them despite the fact that the parties had already been conducting the trial it was almost over it was a hasty decision. Didn't she feel that the trial and didn't she articulate that she felt that defense counsel had done a very poor job during this uh during the course of the trial and and had no reason to think after defense counsel had himself made two motions to for mistrial at least two motions for mistrial as she said that he would have had any problem with her declaring the mistrial at that point? She did say that your honor but I think that decision this court has already said that the hasty decision indicates insufficient concern for defendants right to take the trial to verdict with the tribunal selected and additionally the the trial court saying that she did not consider any alternatives she did not consider that the defense might have wanted the trial to continue at that point shows that this decision was a snap judgment not one that is indicative of a high degree of necessity not an imperious necessity for a mistrial and that again that goes to what this court warned against as far back as the Lovinger case which is that a defendant might might ask for a mistrial early on but then change that decision because if the mistrial is denied the trial might start moving in the defense's favor and we should not allow a mistrial to then come back and and haunt the defense and say well we just agree that this is this is what the defense wanted all along here the the defense was able to negotiate a favorable stipulation I mean the the trial court might have had a problem with the the how the defense reached the stipulation but the fact of the matter is defense counsel was blindsided as was the prosecutor by Rodriguez's unexpected surgery and was able to negotiate his favorable stipulation entered that stipulation was able to successfully impeach Mr. Montano and show he lacked credibility by that point when the state asked for a mistrial it's not an indication that the defense wanted one anymore and it it stands from uh to reason from a review of the record that this trial was was going into Mr. Kostobucki's favor um well your honor is that that again to to just briefly conclude here for these two points of why there was an abuse of discretion first it was a hasty decision the the trial court so much as admitted that that she did not consider these factors did not consider alternatives or what the defense wanted or and refused to allow the defense to speak and secondly we don't have evidence that this would have prejudiced Ms. Kostobucki at all again the parties proceeded to trial without any concern about these statements um your time is up if you have any other sentence to conclude uh just just to briefly conclude that for the reasons here this to a mistrial and this court should find that the trial court abused its discretion in denying her motion to bar reprosecution on double jeopardy grounds thank you thank you counsel miss joseph good morning your honors victoria joseph for the people of the state of illinois what we have here is over one and a half days of trial that everyone believed was going to be a one-day trial the trial court was presented with repeated concerns of trial preparedness and requests for a mistrial each time that request was made by the defense the trial court was already balancing the factors and deciding whether or not to grant those requests so when it came time for the people's request the concern that a fair trial and the interests of justice could not be achieved were too great to continue the trial at the time the people made their request for mistrial which as they stated it was they were now agreeing to the request for mistrial it was neither irrational or unreasonable for either the state or the trial court to rely on the repeated request to have a mistrial in believing that the defendant would not now agree or would now object to it we recognize hold on a second go ahead immediately counsel said i want to be heard on this and the judge looks at him and says not now where was his opportunity to object to the state's blatant statement that they were now agreeing to the defendant's motion for mistrial which he didn't make at that time had been made earlier and absolutely denied on the record so how possibly did this how how is this a state's agreement to a defendant's prior motion especially when council has no opportunity to say a word other than the fact that you have defendant continually asking for a mistrial at that point there had been no change in the course of trial or knowledge if i may there had been a change there was the rodriguez stipulation which was the sole basis for the two requests for mistrial by the defense with that stipulation the defense got the information it wanted from rodriguez before the jury so how do you bootstrap back to that when that issue had been resolved by the stipulation i don't see it so much as a bootstrap back your honor as much as it was not a rational decision to believe that with the errors that were occurring over trial that the position had changed and that's and that's why it is to lodge the objection we realize justice jorgensen that he asked to be heard but it was also two words he could have said i object and we know from the record he was able to say those words previously so he could have gotten you're gonna hold it against counsel because he was a little bit courteous and didn't stand up and scream i object he said excuse me your honor i'd like to be heard on that we're gonna say civility is cost you your clients uh valid motion or valid argument he could have said the two words your honor and okay we will leave it at that well but the trial court was clear and put it in a written motion that the reason she granted the mistrial had to say at that point that you know the the case had been so poorly tried that she feared that the defendant wasn't getting a fair trial she may she may have said when she announced it that there were issues with evidence some issues with the evidence on the case right right however some issues she said newly discovered the only thing that was newly discovered was these statements that was in the written i'm sorry the written order i'm sorry i that's okay i don't have the written order i was looking at her her statement on the report of proceedings that's what she told at least what she told the jury but but she also recognized that she wasn't looking at this trial in a vacuum and we don't look at trials in a vacuum so there were all of what was going on is at the back of the judge's head so whereas this defense counsel is saying this was a hasty decision it's not because we're looking at all of the events that went on over the course of the entire trial well she didn't she didn't look at any alternatives for failure to disclose she didn't say counsel let me see the statements and she didn't at least we don't have in the record that the attorneys looked at the statements she didn't say is there a way that we can handle this perhaps take a recess see if and i think this was in counsel's opposing counsel's brief i mean that perhaps they could have used the statement to impeach the witness who was on the stand the defendant who was on the stand one witness could have been recalled on the state's rebuttal so there were ways that this could have been handled and the trial judge recognized that she did not at that time and we're obviously the record is what the record is and we know that she admitted to that when she was going through all the 12 factors however we as your honor has pointed out we don't know what those statements are we didn't know the judge didn't even know what the statements were at the motion to dismiss we don't know what the statements are on appeal so we don't know whether these statements would have had any impact to change the trial court's finding and the burden is on the appellant to supply that to this court that may be that it's creating the record is on the burden of the appellant here however the state was the one that didn't tender those statements to anybody where is anything that you can point to in the record to say that those defense this the written statements themselves were not in the hand of the defense yeah how does he how does he put that into the appellate record assuming that he didn't have them and therefore couldn't put them into their record don't we then construe that against the state since they were the only ones based on this record whoever had those statements in their hand uh well we know the defense had the statements by the time the motion to dismiss was filed because i believe there was an order disclosing the statements at that time um and they weren't attached at that point so at at the point of the motion to dismiss on speedy or not speedy sorry on double jeopardy grounds um you know he he did not put the statements on the record at the motion to dismiss and at that point the judge could not review that her decision was inappropriate he had to put them on the record at that point if he wanted to say that they weren't going to change anything or they weren't prejudicial if they wanted a different ruling from the judge at that point he he needed to put them on the record or i'm sorry she the defense counsel or the defendant miss joseph based upon your review of the record can you ascertain when give me your best understanding of when the state first was aware of the written statements the state said that they that vega approached them before trial that morning that was the statement that was made on the record and then it's not till the afternoon but that that's brought to the court or the defendant's knowledge is that correct that is correct your honor all right and i cannot speak for what that passage of time meant whether it was vega said they're here and now we're going to go recover them that's all speculation as to the record all right but what is in the record is that the state the assistant state's attorney never mentioned that fact to anyone until the afternoon that is correct your honor you know you argued in your brief i think it was let me just make sure i think it was at 27 that um the motion that the state made for a mistrial was not just related to the discovery of the record it was related to the defense counsel what in this record reflects that and is that the role of a prosecutor to ask for a mistrial to protect the defendant i mean i understand the role of uh the state is to seek justice not just a conviction but in the context of this case and whether the state then has an obligation to step forward and ask for a mistrial if they believe that the case is being poorly tried by opposing counsel your honor based on my citation to the record i believe that is a misstatement that the people's requests related as so much as the trial judge's ruling um i i believe that was a misstatement on my part i do apologize but looking at the citation to the record um 493 to 94 i believe was the trial court um specifically discussing factor what would have been factor number seven of the street factors believing the believing that it was that the trial was a complete mess so that would have been page 493 and 494 of the record um and that would have been those those factors of the atmosphere of trial that unfortunately are not as amenable to strict appellate review but i the judge the judge the trial court did go through a very extensive history of both what goes on in the courtroom and what went on in this particular trial and from her comments we know that she is considering everything that she saw before her there was a lot of concern going forward she tried to give the best opportunities that were going on but still she believed it was a complete mess this you know i really think the trial judge was trying her best to preside over what what she termed was a complete mess of a trial and if you're honored and i and that's why the factors number five and number seven were so important to her is if your honors had gotten if we had gone to completion and your honors had gotten this record there would have been a lot of problems as well um probably would probably don't love this record either way whether it had gone to in considering all of the factors that were before it and that's why even though there were factors that weighed in favor of the motion to dismiss there were also factors that were very relevant and to which the judge specifically gave great weight into why she granted the mistrial and if no mistrial was granted we would have been arguing the impropriety of her previous denial at some one at least one of the denials in this case so it wasn't a not guilty assuming it wasn't a not guilty your honor of course obviously acquittals change the uh but and i i bring that up not for comedy but the point being that the defendant has a fundamental right to be tried by the fact finder that was initially selected absent manifest necessity that is correct and here the judge was weighing all of these potential errors was weighing the prejudice that had entered the trial was balancing the interest of justice both to the defendant and the ongoing obligation to protect the victims of domestic violence including the children here that are caught in the middle of this fractured relationship and the ends of justice here i mean that's what it came down to the the ends of justice here the judge found that it was more important to have the merits decided in this case than to have this trial reversed because of procedural and defense counsel's errors we have the the lack of preparedness i know that conclusion i'm looking for some specific facts specific i mean preparedness is all in the eye of the beholder what what errors can you point to well the errors that we can point to well again they go to the the lack or subpoenaing witnesses and ensuring that they were not or that they were going to be available i lost you i'm sorry i'm sorry um could you back up a little we lost you for a sec of course or am i back on your honor yes okay um the the trial court was looking specifically at um you know answering ready for trial when he was not ready subpoenaing witnesses that were not present and though there was a stipulation that was made as to one of the two officers that defense counsel expected to be present that morning we know that that stipulation is never as good as grant the continuance on this unexpected um failure to mr of officer rodriguez to appear i mean obviously a good reason why he wasn't there not finding fault with him he did well the trial judge did grant a continue gave a defense counsel continuance to the next morning to see if rodriguez would show up well his his surgery was not going to be healed in 24 hours i mean but anyway what other errors do you point to besides the failure to subpoena police officers well no it was they were subpoenaed it was a late subpoena the week before there was no follow-up as to ensuring their availability for trial or even speaking with them lives to follow and once you're served with a subpoena you have to appear you don't get a courtesy call too i mean is that really an error it's the it's the lack of preparation and not having your witnesses present on the day of trial you you answered ready on the 11th you answered ready on the 15th you get to trial on the 16th and you're suddenly shocked that nobody's there um no one knew he was having uh um emergency surgery so let me just as far as far as rodriguez no as far as vancroft i don't know what people knew there right i just have one other question your time is up but then i'll certainly give you time to answer so do you concede that defense counsel did not consent so we're only talking about to the mistrial we're only talking about manifest necessity here that is it really does fall on the borderline your honor there were two words he could have said i object the time was not as broad as some of the other cases but we're not going to concede on the consent we're going to stand by our argument in um and as far as as we said it was it was rational for at least the court to have believed that there was consent going into the decision and and that probably is why that it was more of a shock to the judge that that there was any any further consideration at that point because you have two parties now that have expressed concern with this trial and have asked for a mistrial so all right that that's that's where we stand on that thank you justice jorgensen any further questions no justice brennan no thank you okay thank you your honors thank you very much miss joseph uh mr santella you have time for rebuttal thank you your honor um i first will respond to this uh combined question of trial preparedness and whether this would have been subject to reversal um on appeal if had if there had been a conviction of the original trial um it has been noted that this was an unexpected surgery that officer rodriguez underwent notably the parties called the aurora police department and they had not even been aware um that this surgery was occurring now i don't know what happened to officer rodriguez however there was no way to plan around this and not only had defense counsel subpoenaed officer rodriguez but so had the state in fact in the state's opening statement they told the jury you will hear from this error that could not be planned for defense counsel um maybe he took a winding route to get there but he did he did a good job getting a stipulation in that contained the crux of the defense's self-defense argument um and initially if you review the record defense counsel had told the judge earlier on well i wrote this stipulation and the state's not going to agree to any of these statements that i want and defense counsel is able to get from that point to the point where he's the crux of the defense's self self-defense claim this is not subject to to any sort of ineffective assistance of counsel claim there's no deficient performance here defense counsel met an object and excuse me an obstacle and he overcame it and the fact that rodriguez did not appear did not end up prejudicing miss kosobucky in the end um and additionally i understand that the trial judge uh said that this was a mess of a trial and i think you know given the fact that they did have to sort out this rodriguez issue sure there were probably some headaches however i think from the jury's perspective this was not a mess of a trial an attentive juror might have noticed that the state said rodriguez would appear but then a stipulation was entered and sure they all thought it could be one day and stretched into another to a second day that's not uncommon um this is not like the bertrand case that i cited in my brief where defense counsel there made an unlawful statement in front of the jury uh this you know this trial might not have been an ideal trial for the parties but it was not a mess and it was not one that that would have been subject to to reversal um and as a final note i want to say that you know the issue here about about what these statements contained needed to have been addressed when the and it was one where the court did not ask about what was in the statements conducting in-camera inspection sought to review them at all um it was an instantaneous snap decision for a mistrial you know i don't think that this was the sort of decision that came in a vacuum the court said uh or excuse me this was a sort of decision where the court was reviewing everything that had happened um the court said at the time oh i have new evidence and that's why i have a mistrial she included that same basic um assertion in an order uh and you know to compare it to the uh roche case um r-o-c-h-e that was a case where a judge took basically a day to decide the mistrial did not declare immediately and then when the judge did declare the mistrial cited the defense's mistrial motion what matters here is that the judge made this decision hastily without reviewing alternatives the factors the circumstances and so it was therefore an abusive discretion for her to deny um the defense's motion to bar re-prosecution on double jeopardy grounds in the lovinger case this court said that the lovinger decision was a close call and the state just said that this was a borderline on the implied consent but this is not a borderline this was a wholly unrelated mistrial motion from the defense that the state claims to agree to there's no consent there and here you have a trial judge admitting to not considering alternatives and not allowing the defense attorney the opportunity to speak that was an abusive discretion for there to be a denial of the defense's motion um and accordingly this court should reverse the denial of that motion um and i will take any other questions if the judge if your honors have them at this time thank you justice jorgensen i have no additional questions thank you justice brennan i do not thank you i don't have any further questions either counsel at this time now the court thanks both counsel for their arguments this morning the court will take the matter under advisement and render a decision in due course the proceedings in this case are now ended and mr caplan if you would stop the recording please thank you again counsel thank you your honors thank you your honor